Judge Brooke. u
The object of the appellee in the ° *1 court of chancery was to be relieved against two.judg- , ments rendered against him m the general court, as clerk of Dinwiddie county, for failing to account for, and pay, the taxes on law process, according to the act of the assembly, entitled “ An act to impose certain taxes on law process, and for other purposes.” The circumstances relied on, in his bill, are precisely such as he might have submitted to the general court. To the notice of the first motion in that court against him, he appeared ; to the second notice he failed to appear, but does not assign any cause for it. The doctrine is well established in this court, that decisions at law cannot be revised in a court of chancery upon the mere ground of error in the law court, nor upon circumstances of which that court had cognisance, unless the complainant can make a com *32 petent excuse for having failed to defend himself at lavv.(1) The decree, therefore, must be reversed, the injunction dissolved, and the bill dismissed.
Judge Tucker.
The appellee brought a bill in the Richmond chancery court, to be relieved against two judgments against him in the general court, for a fine of 600 dollars each, for failing to account for and pay into the treasury the taxes collected by him as clerk of Dinwiddie county, upon law process, pursuant to the act of 1798, c. 2.(a)
The second section of the act requires the clerk to account upon oath to the auditor of public accounts for all taxes received by him, and pay the amount thereof into the treasury on or before the first of October annually. And, “ that a commissioner of the tax shall compare the account of each clerk with the books in his office, and certify that it thence appears that all taxes by him received are accounted for.”
The bill charges that he applied several times to Mr. Goodwin, a commissioner of the tax in his county, to come to his office for that purpose ; and this is supported by the deposition of Mr. Goodwin himself, who says the applications were made to him at the court-house, on court days, and he forgot to look into the law to see whether it was his duty to do so. The auditor, in his answer, says there were two commissioners in the county; but, as he does not name them, nor produce any proof of this substantive allegation, I pass it over.
The law makes no provision, by summons or otherwise, by which a commissioner can be compelled to perform this duty, or be punished for neglect of it. There are two judgments in the record, the first for less than forty dollars, the second for less than one hundred dollars. The fines are 1,200 dollars ; and the act inflicts a further penalty, of being liable to lose his office.
*33 From the records of the general court, it appears that the appellee appeared, and was heard in his defence on the motion for the first judgment; but that he failed to do so on the second. No reason is assigned for this failure in the latter instance; nor are we informed what was the nature of the defence made on the first motion.
It is with infinite regret I find myself compelled to say that, grievous as this penalty is, and favourable as the deposition of Mr. Goodwin is to the appellee, I think we cannot, without departing from principles long established, and recently confirmed, grant the appellee that relief which the decree of the chancellor was calcula? ed to afford him; but that that decree must be reversed entirely.
Judge Roane was of the same opinion. It was a hard, case ; but the decree must be reversed.
Judge Fleming.
This is, no doubt, a very hard case on the part of the appellee; but, as it is a question, purely of a legal nature, and has been discussed and decided in a court of law, it seems that, by a number of precedents of this court, he is precluded from redress in a court of equity. Had he appealed from the judgment of the general court, and rested his defence on the law of the case, I should probably have been of opinion that it was in his favour, and that the judgment ought to have been reversed ; but am of opinion that a court of equity had no jurisdiction of the case ; and, therefore, concur in the opinion that the decree, be reversed, and the bill dismissed, with costs.(1)

 Rev. Code, vol. p. 385.

 See Kincaid v. Cuningham, ante, 1.

 The general assembly, by an act passed the 4tU of February, 18í£,, directed the penalties in question, which John JVichoias, the appellee iü-íhk «ase, was compelled to pay into the treasury, to be refunded to him j it appearing that he had also paid the sums due for taxes on law process.